SCPW-15-0000098

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I, Petitioner,

vs.

THE HONORABLE RANDAL K.O. LEE, Judge of the Circuit Court of the First Circuit, State of Hawai'i, Respondent Judge,

and

TRACY T. YOSHIMURA, EUGENE M. SIMEONA, JR., MICHAEL D. MILLER, MICHAEL A. MADALI, JR., CLAYTON SIMEONA, DESIREE U. HAINA, QUENTIN D.R. CANENCIA, GARY G. DANLEY, JR., and ALEXANDER R. ALEJANDRO, Respondents.

---

ORIGINAL PROCEEDING
(CR. NO. 14-1-0717)

ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., and Pollack, J., with McKenna, J., concurring, with whom Wilson, J., joins, and with Nakayama, J., concurring separately)

Upon consideration of Petitioner State of Hawai'i's petition for a writ of mandamus, filed on February 25, 2015 ("Petition"), the Respondents' answers of no position, the respective supporting documents, and the record, it appears that based on the case law adduced by the circuit court in favor of disqualification, the circuit court's finding that Deputy

Prosecuting Attorneys Katherine Kealoha and Jacob Delaplane committed prosecutorial misconduct but that the misconduct "was not done intentionally or maliciously, but was based on a lack of experience" does not support the disqualification ordered by the circuit court in its December 1, 2014 Findings of Fact, Conclusions of Law, and Order Denying Defendant Yoshimura's Motion to Reconsider Order Granting State of Hawaii's Ex Parte Motion to Nolle Prosequi Without Prejudice; Granting in Part and Denying in Part Defendant Simeona's Oral Motion to Disqualify; and Denying Defendant Yoshimura's Oral Motion to Establish a Deadline to Reindict ("Disqualification Order"). It further appears that Petitioner has made a showing of irreparable and immediate harm that has not been contradicted by Respondents.

Thus, under the specific facts and circumstances of this matter, an extraordinary writ is warranted inasmuch as the basis upon which the circuit court grounded the disqualification is insufficient and Petitioner has made a showing of irreparable and immediate harm as a result of the disqualification. See Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 558, 606 P.2d 1320, 1324 (1980) ("[W]here the basis upon which the trial court has rested its order of disqualification is clearly insufficient, and a convincing showing is made in the petition that irreparable and immediate harm would otherwise be the necessary consequence, the petitioner's application for a writ of mandamus will be granted."). Accordingly,

2

IT IS HEREBY ORDERED that the Petition is granted in part. The Disqualification Order is vacated to the extent it disqualifies Deputy Prosecuting Attorney Katherine Kealoha and Deputy Prosecuting Attorney Jacob Delaplane "from further prosecution of this matter."

DATED: Honolulu, Hawaiʻi, July 7, 2015.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



3